UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CHARLES CAMOU,

          Plaintiff,

    v.

JANE DOE, et al.,

          Defendants.

Case No. 25-cv-07576-EKL

**ORDER OF DISMISSAL**

Re: ECF No. 6

Plaintiff Michael Charles Camou, a state prisoner, filed this *pro se* civil rights action raising claims against several unknown California judicial officers. *See* ECF No. 5. The complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A, as is Camou's motion to proceed *in forma pauperis*. ECF No. 5. Upon due consideration, the Court DISMISSES this matter as specified below and DENIES the motion to proceed *in forma pauperis* as moot.

## I.    LEGAL STANDARDS

### A.    Standard of Review

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.  Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.  PLAINTIFF'S ALLEGATIONS

The complaint asserts that unspecified California judges violated state and federal criminal law, and subjected Camou to false imprisonment in the course of their duties in *People (California) v. Camou*, No. 9252-C (Mendocino Cnty. Sup. Ct.).[1] *See generally* ECF No. 5; *id.* at 6 ("Falsifying of the Court(s)' Record," "Fraud," election fraud under Cal. Elec. Code § 18500);

---

[1] Camou does not provide any further information about the case at issue.

United States District Court
Northern District of California

*id.* at 7 ("Accessory After the Fact" under Cal. Pen. Code § 32); *id.* at 8 ("Kidnapping" under Cal. Pen. Code § 207(a) and 18 U.S.C. § 1201).  Camou also alleges that the California Legislature "corrupted the voting process" by "amend[ing] California Government Code § 100(b), [which] in pertinent part provide[s] . . . [that the] style of all process shall be, The People of the State of California, and all prosecutions shall be conducted in their name and by their authority." *Id.* at 10 (internal quotation marks omitted).  He alleges that the amendment has allowed California courts to establish a "State sponsored [k]idnapping ring" since November 8, 1966. *Id.* at 13.  Camou appears to seek his release from custody, monetary damages, and other relief as discussed below. *Id.* at 17.

## III.   ANALYSIS

### A.   Claims Against California Judges

Camou alleges that his civil rights were violated by unnamed California judges during state trial court proceedings in *People (California) v. Camou*, and that he was subjected to false imprisonment. *See generally* ECF No. 5.  State court judges, however, are absolutely immune from suit for damages claims under 42 U.S.C. § 1983 for any actions performed in accordance with their duties, as Camou alleges here. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (state court judges have absolute immunity from suit for damages, not just the assessment of damages).  Because Camou cannot amend his complaint to address the issue of judicial immunity, the federal civil rights claims against the unnamed judges are DISMISSED WITHOUT LEAVE TO AMEND. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

### B.   Claims Seeking Other Relief

Although Camou states that he seeks relief pursuant to 42 U.S.C. § 1983, Camou also appears to challenge the state criminal proceedings that resulted in his present confinement, and appears to seek his release from custody. *See* ECF No. 5 at 17.  To the extent that Camou is attempting to challenge the lawfulness of his state conviction and to seek release from prison, he

United States District Court
Northern District of California

3

must file a habeas corpus petition under 28 U.S.C. § 2254 after he has exhausted his state judicial remedies. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (noting that habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement.") (citation modified).

In addition, Camou requests that the Court order California officials to provide him with certain identification documents, expunge or destroy his criminal record, and arrange for transportation to the Napa County Airport. *See* ECF No. 5 at 17. To the extent that he asks the Court to order state officials to perform certain actions, he is essentially seeking mandamus relief. However, a petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (barring litigant from filing *in forma pauperis* petitions); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (Posner, J.) (Federal courts "cannot, as a general rule anyway . . . , use our power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction."). Accordingly, Camou must seek mandamus relief in the appropriate venue.

### C.   Claims Alleging Violations of State and Federal Criminal Statutes

As noted, Camou also alleges that unnamed judges committed several state and federal crimes. *See* ECF No. 5 at 6-8. "In California all crimes are statutory and there are no common law crimes." *In re Brown*, 9 Cal. 3d 612, 624 (1973). Camou cites California Penal Code sections 115, 32, 207(a) and California Elections Code sections 18500 and 18501, which codify criminal offenses in California. *See, e.g., Bradley v. Perrodin*, 106 Cal. App. 4th 1153, 1175 ("Section 18501 is found in chapter 6, entitled 'Corruption of the Voting Process,' of Division 18, entitled 'Penal Provisions,' along with other *criminal* statutes") (emphasis in original). He also cites to 18 U.S.C. § 1201, the federal kidnapping statute. "When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions vested in the

discretion of a prosecutor." *United States v. Batchelder*, 442 U.S. 114, 124 (1979).  Criminal statutes generally do not provide any express private cause of action or other basis for civil liability.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Monroe v. McNairy Cnty., Tenn.*, 850 F. Supp. 2d 848, 876 (W.D. Tenn. 2012) ("[T]he Federal Kidnapping Act is a criminal statute, and there is no indication that Congress intended to create a private right of action for violations of its provisions."); *Gumber v. Fagundes*, No. 21-cv-03155-JCS, 2021 WL 4311904, *6 (N.D. Cal. Jul. 3, 2021) (no private right of action for 18 U.S.C. § 1201); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (noting that a private right of action under a criminal statute has rarely been implied).  Because none of the cited criminal statutes provide a private right of action, these claims are DISMISSED WITHOUT LEAVE TO AMEND.  *Wheeler*, 894 F.3d at 1059.

## IV.    CONCLUSION

Accordingly, the Court orders as follows:

1. The federal civil rights claims against the unnamed judges are DISMISSED WITHOUT LEAVE TO AMEND.

2. The claims seeking to proceed under state and federal criminal statutes are DISMISSED WITHOUT LEAVE TO AMEND.

3. The remaining claims are DISMISSED WITHOUT PREJUDICE to Camou filing a habeas petition or seeking mandamus relief in the appropriate state court venue.

4. The application to proceed *in forma pauperis* (ECF No. 6) is DENIED as moot.

5. The Clerk shall close the file and mail Camou a blank habeas corpus petition form with the copy of this order.

**IT IS SO ORDERED.**

Dated:  April 16, 2026

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

5